Jeremiah D. Weiner (CSBA No. 226340)
Douglas MacCourt (OSBA No. 890780)
Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
jweiner@rosettelaw.com
dmaccourt@rosettelaw.com
lchristian@rosettelaw.com

Attorneys for Plaintiff
The Klamath Tribes

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE KLAMATH TRIBES, | Case No. 3:18-cv-01419-MO |
| Plaintiff, | |
| v. | PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO LIMIT REVIEW TO THE ADMINISTRATIVE RECORD |
| U.S. BUREAU OF RECLAMATION, et al. | |
| Defendants, | |
| and | |
| KLAMATH WATER USERS ASSOCIATION, et al., | |
| Defendant-Intervenors. | |

Pursuant to the Court's scheduling order of September 11, 2018, Plaintiff the Klamath Tribes file this response brief in opposition to Defendant United States Bureau of Reclamation's ("Defendant") Motion to Limit Review to the Administrative Record, Document No. 89

Response to Defendant's Motion to Limit Review to Administrative Record  -  1

("Motion"). The Tribes respectfully request that the Court deny the Motion because, contrary to Defendant's characterization, claims alleging substantive violations brought under the Endangered Species Act's ("ESA") citizen suit provision, 16 U.S.C. § 1540(g)(1)(A), are not subject to the Administrative Procedure Act's ("APA") limited scope of review. *See, e.g.*, *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011).

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Defendant's request that this Court limit review to the administrative record ignores both controlling Ninth Circuit precedent and the nature of the Klamath Tribes' ESA claims, and improperly attempts to collapse the difference between the *standard* of review for claims alleging ongoing violations of the ESA under that Act's citizen suit provisions, and the *scope* of a court's review of such claims. As Defendant notes, because the ESA lacks its own standard of review, the APA's "arbitrary and capricious" standard is employed when evaluating agency decision-making under the ESA. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 1007 (9th Cir. 2014). Defendant overreaches, however, when it asserts that the APA's *scope* of review, which is confined, with limited exceptions, to the administrative record underlying an agency's decision-making, similarly constrains a court's ability to consider extra-record evidence when evaluating claims alleging ongoing substantive violations of the ESA brought under that Act's citizen suit provisions. The Klamath Tribes have alleged two such claims in the instant action: (I) that Defendant is engaged in the unlawful take of two endangered fish species, the C'waam (Lost River sucker, *Deltistes luxatus*) and Koptu (shortnose sucker, *Chasmistes brevirostris*); and (II) that Defendant has failed to ensure that its management of Upper Klamath Lake ("UKL") as part of its operation of the Klamath Irrigation Project

("Project") does not jeopardize the continued existence or adversely modify the critical habitat of the C'waam and Koptu.  Complaint, Document No. 1 at ¶¶ 78–97 (Counts I & II).  As explained more fully below, controlling Ninth Circuit precedent is clear that the Administrative Procedure Act's ("APA") limited scope of review does not apply to claims alleging ongoing substantive violations of the ESA brought under the ESA citizen-suit provision, such as the Klamath Tribes have done here.  Defendant's motion should therefore be denied.

## II.    DISCUSSION

### A.    The APA's Limited Scope of Review Does Not Apply to The Klamath Tribes' ESA Claims.

The Ninth Circuit's decisions in *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011), and *Washington Toxics Coalition v. EPA*, 413 F.3d 1024 (9th Cir. 2005), make plain the appropriate scope of review in cases such as this one.  Building on *Washington Toxics'* conclusion that "the APA does not govern" claims arising under the ESA's citizen suit provision, 413 F.3d at 1034, *Kraayenbrink* squarely addressed the scope of review issue presently in dispute:

> Intervenors argue that this court may not look to extra-record material in conducting a review under the ESA. As we explained in *Washington Toxics Coalition,* the APA applies only where there is "no other adequate remedy in a court," 5 U.S.C. § 704, and—because the ESA provides a citizen suit remedy—the APA does not apply in such actions. 413 F.3d at 1034. Therefore, under *Washington Toxics Coalition* we may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim.

632 F.3d at 497; *see also Indigenous Envtl. Network v. United States Dep't of State*, No. CV-17-29-GF-BMM, 2017 WL 9280323, at *1 (D. Mont. Dec. 12, 2017) ("The Ninth Circuit in *Washington Toxics* determined that 'suits to compel agencies to comply with the substantive provisions of the ESA arise under the ESA citizen-suit provision,' not the APA. *Id.* at 1030, 1034.  The Ninth Circuit further clarified in *Western Watersheds Project v.*

*Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011), that evidence outside the administrative record may be considered for the limited purpose of reviewing an ESA claim."). In an effort to avoid the necessary conclusion that *Kraayenbrink* renders the instant motion untenable, Defendant argues that that case should be read as merely allowing supplementation of the administrative record rather than rejecting the APA's limited review standard altogether. Motion at 12–13. The lone unpublished decision Defendant relies on to advance this reading, however, is a Clean Water Act decision which rejected a request for a *de novo* standard of review. *Sierra Club v. McLerran*, No. C11-1759RSL, 2012 WL 5449681, at *2 (W.D. Wash. Nov. 6, 2012). Moreover, a Federal District Court has already persuasively rejected this argument in the ESA context:

> [T]he [federal agency defendant] contends that *Kraayenbrink* did not overrule a longstanding line of cases which establish that the APA scope and standard of review apply to ESA claims. Instead, they contend that *Kraayenbrink* merely stands for the proposition that, under the facts of that case, supplementation of the administrative record was appropriate. This argument does not withstand scrutiny. In *Kraayenbrink,* neither the district court, nor the Ninth Circuit considered whether it should or could supplement the administrative record under the APA. Instead, the district court reviewed the administrative record because plaintiffs also raised two APA claims in addition to the ESA claims discussed by the Ninth Circuit. *W. Watersheds Project v. Kraayenbrink,* 538 F.Supp.2d 1302, 1311–12 (D.Idaho 2008). The district court concluded that it could rule against the defendants on the ESA claims based only on the administrative record, but declined to do so and went on to consider extra-record evidence with respect to those claims. *Id.* at 1322–24. [The federal agency defendant's] argument does not address these facts. The holding in *Kraayenbrink* is that the "APA applies only where there is 'no other adequate remedy in a court.'" *Kraayenbrink,* 632 F.3d at 497. Because the ESA citizen suit provision creates an adequate remedy for claims brought under that provision, the APA does not apply in such actions and the court "may consider evidence outside the administrative record."

*Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A.,* 920 F. Supp. 2d 1168, 1174–75 (W.D. Wash. 2013); *accord Yurok Tribe v. United States Bureau of Reclamation*, 231 F. Supp. 3d 450, 468 (N.D. Cal. 2017) (rejecting argument *Washington Toxics* and *Kraayenbrink* should not be relied on as inconsistent with prior precedent).

Defendant also contends that *Karuk Tribe of California v. U.S. Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012), a Ninth Circuit *en banc* opinion, overruled *Kraayenbrick*, Motion at 12-13, despite the fact that *Karuk Tribe* makes no mention of *Kraayenbrick* or engages in any analysis or discussion of the proper scope of review for an ESA citizen suit claim. *See Karuk Tribe*, 681 F.3d at 1017. Defendant's reading of *Karuk Tribe* has been persuasively rejected by federal district courts within the Ninth Circuit:

> *Karuk Tribe* does not overrule *Washington Toxics* and *Kraayenbrink.* There, the issue before the Court was whether the Forest Service's approval of four notice of intent to conduct mining activities in the Klamath National Forest constituted "agency action" that "may affect" listed species and trigger consultation. The Court noted the following under the heading "Standard of Review:"
>
> Because this is a record review case, we may direct that summary judgment be granted to either party based upon our review of the administrative record. An agency's compliance with the ESA is reviewed under the Administrative Procedure Act ("APA"). Under the APA, a court may set aside an agency action if the court determines that the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."
>
> [681 F.3d] at 1017 (citations omitted). The opinion includes no further discussion of the standard and no discussion of or citation to *Washington Toxics* or *Kraayenbrink* . . . .

*Nw. Coal. for Alternatives to Pesticides*, 920 F. Supp. 2d at 1174; *accord Yurok Tribe*, 231 F. Supp. 3d at 468–69 (*Karuk Tribe* "did not 'hold' that the record review under the APA is required in ESA cases" and collecting cases holding the same); *Ellis v. Housenger*, No. C-13-1266-MMC, 2015 WL 3660079, at *3 (N.D. Cal. June 12, 2015).

Defendant cites to two other readily distinguishable post-*Kraayenbrink* cases as examples of courts "re-affirm[ing] that judicial review in ESA citizen-suit cases is governed by APA record review principles," which *Kraayenbrick* supposedly abandoned. Motion at 11. Yet the first, *Pac. Rivers Council v. Shepard* addressed the question of whether the record included enough material to support a finding an agency had acted arbitrarily and capriciously, and thus

did not have occasion to consider whether review is *limited to* the administrative record. No. 03:11-CV-442-HU, 2012 WL 950032, at *3 (D. Or. Mar. 20, 2012) (agency decision-making claim, failure to consult). Moreover, that case treats *Kraayenbrink* as controlling precedent without any mention of its any abrogation or overruling by the Ninth Circuit. *Id.* The second, *Olenec v. Nat'l Marine Fisheries Serv.*, is—like *Karuk Tribe*—a challenge to past agency decision-making regarding a matter within the agency's expertise (specifically, regarding the National Marine Fisheries Service's determination that certain federal agency action would not adversely affect a listed species). 765 F. Supp. 2d 1277, 1285 (D. Or. 2011). Accordingly, review in *Olnec* was unremarkably limited to the administrative record before the expert agency at the time of the decision. *Id.* In the instant case, the Klamath Tribes, on the other hand, do not challenge a past agency determination; rather, they seek to enjoin ongoing unlawful take and conduct which jeopardizes endangered species and adversely modifies critical habitat.

Furthermore, in citing these two off-point cases, Defendant ignores that many courts within the Ninth Circuit, including in the District of Oregon, have relied on *Kraayenbrink* and *Washington Toxics* and have held that the APA's limited scope of review does not apply to substantive ESA violations. *See, e.g.*, *Yurok Tribe* 231 F. Supp. 3d at 468–69; *Native Fish Soc. v. Nat'l Marine Fisheries Servs.*, 992 F. Supp. 2d 1095, 1106–07 (D. Or. 2014) ("Plaintiffs' § 7(a)(2) claim, that the ITS was abrogated and that [federal agency] should have reinitiated formal consultation is evaluated with any admissible evidence and is not limited to the administrative record." (citing *Washington Toxics* and *Kraayenbrink*)); *Defs. of Wildlife v. Martin*, 454 F. Supp. 2d 1085, 1094 (E.D. Wash. 2006); *Oregon Nat. Desert Ass'n v. Tidwell*, 716 F. Supp. 2d 982, 987 (D. Or. 2010); *WildEarth Guardians v. United States Fish & Wildlife Serv.*, No. CV 13-151-TUC-RCC, 2014 WL 12729290, at *2 (D. Ariz. July 22, 2014); *see also Oregon Nat. Desert*

*Ass'n v. Kimbell*, 593 F. Supp. 2d at 1220–21 (decided before *Kraayenbrink*; citing *Washington Toxics*). *Kraayenbrink* is plainly both still good law and directly controlling here.

In an effort to avoid this reality, Defendant ignores *Kraayenbrink* for the first 10 pages of its brief, instead invoking a string of inapplicable–indeed superseded–precedent to argue that this Court's review the Klamath Tribes' substantive ESA claims should nevertheless be "confined to the administrative record." Motion at 5. In support of this proposition, Defendant first invokes *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714 (1963). Motion at 5. The claim at issue in that case, however, arose under the Wunderlich Act, not the ESA. 373 U.S. at 714; *see generally Todd Const., L.P. v. United States,* 88 Fed. Cl. 235, 240 (2009) ("Some courts interpreted the Wunderlich Act to permit trials de novo on factual issues in the court, while others asserted that the court was limited to reviewing the administrative record. The Supreme Court addressed this issue in United States v. Carlo Bianchi & Co. . . . ."). This is a material distinction because "the language" and "legislative history" of the Wunderlich Act—not an overriding, generally applicable principal transferrable to the ESA realm—provided the basis for the Supreme Court's decision to limit the scope of review in that case. As the Supreme Court explained,

> It is our conclusion that, apart from questions of fraud, determination of the finality to be attached to a departmental decision on a question arising under a 'disputes' clause must rest solely on consideration of the record before the department. This conclusion is based both on the language of the statute and on its legislative history.

*Carlo Bianchi*, 373 U.S. at 714. Moreover, *Carlo Bianchi* has been both superseded by statute and held inapplicable to ESA citizen suit claims. *See WildEarth Guardians v. United States Fish & Wildlife Serv*., No. CV 13-151-TUC-RCC, 2014 WL 12729290, at *2 & n. 1 (D. Ariz. July 22, 2014) ("Defendants cite and misconstrue *Bianchi*, a case which has been superseded by statute and which fails to address private causes of action outside of the APA."); *see also S. Fork Band*

*Council of W. Shoshone of NV v. U.S. Dep't of the Interior,* No. 308-CV-00616-LRH-RAM, 2009 WL 73257, at *2 (D. Nev. Jan. 7, 2009) (holding *Carlo Bianchi* inapplicable to claim arising under Religious Freedom Restoration Act). Defendant's reliance on *Ninilchik Traditional Council v. United States* is likewise misplaced, as that case addressed review of agency-decision making under the Alaska National Interest Lands Conservation Act, not a federal agency's substantive violation of a generally-applicable statute such as the ESA. 227 F.3d 1186, 1193–94 (9th Cir. 2000).

Nor does the trio of ESA-specific cases Defendant cites advance its cause, as these address only the standard of review in cases challenging past "agency decision-making," not the scope of review appropriate for a substantive, ongoing claim arising under the ESA citizen suit provision. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1205–06 (9th Cir. 2004) (applying APA standard of review to attack on agency's preparation of biological assessment); *Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of Navy*, 383 F.3d 1082, 1086 (9th Cir. 2004) (applying APA standard of review to claim alleging agency failure to comply with ESA consultation requirements); *Village of False Pass v. Clark*, 733 F.2d 605, 609 (9th Cir. 2004) (applying APA standard of review to challenge to agency compliance with ESA consultation requirements); *see generally Forest Guardians v. Johanns*, 450 F.3d 455, 457 (9th Cir. 2006) ("The [ESA] contains both substantive and procedural provisions designed to protect species listed under the ESA as threatened or endangered."). Moreover, all of these opinions were published before *Kraayenbrink* and *Washington Toxics*.

Still prior to addressing *Kraayenbrink* or *Washington Toxics*, Defendant mischaracterizes two post-*Washington Toxics* ESA cases, *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971 (9th Cir. 2014) and *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581

(9th Cir. 2014).  *See* Motion at 8–9.  The portions of *Locke* and *Jewell* Defendant cites to support the assertion that "the APA's standard of review and scope of review are not severed simply because a plaintiff brings a claim pursuant to the ESA citizen-suit provision," however, relate only to APA causes of action and not substantive claims arising under the ESA's citizen suit provision.  Motion at 8 (citing *Locke*, 776 F.3d at 992; *Jewell* 747 F.3d at 604).  Nor do the facts of those cases advance Defendant's cause.  The resolution of the *Locke* plaintiff's ESA claim did not turn on or relate in any manner to the admissibility of extra-record materials.  *Locke*, 776 F.3d at 1007–09.

*Jewell* addressed the proper scope of the record only with respect to the question of whether federal agencies had relied on "the best scientific and commercial data available" in developing a biological opinion.  747 F.3d at 602–03.  Of course, review of an agency's decision based on "the best scientific and commercial data available" at particular point in time is necessarily limited to the administrative record.  As in *Locke*, however, the *Jewell* court only briefly addressed the ESA citizen suit claim, which, unlike the APA challenge to the biological opinion, did not turn on the admissibility of extra-record material.  747 F.3d at 640 ("Because we do not believe the [biological opinion at issue] to be arbitrary and capricious, we join the district court in declining to find that [federal defendant's] reliance on the [biological opinion] was arbitrary and capricious.").  This discussion of the ESA citizen in *Jewell* does not occur until 36 pages after the Court's discussion of the appropriate scope of review for the associated APA claim.  *Id.* at 603–604, 640.

The Supreme Court precedents the Defendant relies on are similarly inapplicable.  *Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985), *Camp v. Pitts*, 411 U.S. 138 (1973), and *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) all address review of

past agency decision-making under the APA, not substantive causes of action arising under the ESA itself.  *See* Motion at 7.  As the Ninth Circuit explained in *Jewell*, however, the concern over extra-record material arises precisely and uniquely within the context of claims relating to past agency decision-making:

> Just as we will not allow the agency to supply post-hoc rationalizations for its actions, so "post-decision information . . . may not be advanced as a new rationalization either for sustaining or attacking an agency's decision." . . . . The ESA consultation process is not a rulemaking proceeding, but a request from one agency for the expertise of a second agency. Although we may review each of those proceedings under the APA, the agency's obligations under each is slightly different, and we must account for that difference in our review. . . . We will consider the [biological opinion at issue] and any other evidence in the record submitted by the parties that the [consulting agency] considered in making its decision.

747 F.3d at 603–04 (internal citations omitted).  To the extent an ESA claim challenges past agency decision-making, one would expect courts to generally limit review to the record before that agency at the time of the decision.  This common intuition was apparent in *Karuk Tribe*, a challenge to a U.S. Forest Service decision not to engage in consultation under Section 7 of the ESA. 681 F.3d at 1017, 1029.  The *Karuk Tribe* court merely stated "this is a record review case" without any discussion, analysis, or argument.  681 F .at 1017, 1029; *see Yurok Tribe*, 231F. Supp. 3d at 468–69 (construing holding in *Karuk Tribe*: "the Ninth Circuit did not 'hold' that the record review under the APA is required in ESA cases").

Indeed, courts have repeatedly held that a reviewing court need not apply the APA's scope of review to allegations of substantive violations brought under the ESA's citizen suit provision.  *See, e.g. Citizens for Appropriate Rural Roads, Inc. v. Foxx*, 14 F. Supp. 3d 1217, 1243 (S.D. Ind. 2014), *opinion corrected on denial of reconsideration*, No. 1:11-CV-01031-SEB, 2015 WL 179569 (S.D. Ind. Jan. 14, 2015), and *aff'd sub nom. Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068 (7th Cir. 2016) ("The ESA's 'citizen suit' provision, 16 U.S.C. §

1540(g)(1), provides a cause of action to enjoin certain agency conduct that is separate from the APA; judicial review of agency action in these citizen suits is not necessarily confined to the administrative record."); *Nw. Coal. For Alternatives to Pesticides*, 920 F. Supp. 2d at 1175–1176; *Indigenous Envtl. Network*, 2017 WL 9280323, at *1 ("The APA provides the standard of review for the ESA, but does not dictate the scope of judicial review.  The Ninth Circuit has determined that ESA citizen-suit claims, unlike claims reviewed under the APA, are not limited to the administrative record."); *Conservation Cong. v. U.S. Forest Serv.*, 2017 WL 4340254 at *2 (E.D. Cal. 2017) (citing *Kraayenbrink* and *Washington Toxics* to find that "[t[he scope of the Court's review in the context of claims brought under the ESA's substantive citizen suit provision, however, must not be limited by the APA's record review rule").  Where plaintiffs "do not challenge the [federal agency's] determination, the Court shall not conduct a review of the determination and record pursuant to the APA." *Defs. of Wildlife v. Martin*, 454 F. Supp. 2d 1085, 1094 (E.D. Wash. 2006). Rather, for "a pure ESA claim, the APA's . . . limitations to the administrative record do not apply." *Id.*; *accord Oregon Nat. Desert Ass'n v. Tidwell*, 716 F. Supp. 2d at 987  (plaintiff's "substantive claims under §§ 7 and 9 of the ESA may be supported by extra-record evidence and are not limited to the administrative record review restrictions of the Administrative Procedures Act").  This Court has explained the reason for the distinct treatment for substantive claims arising under the ESA:

> These claims do not challenge specific administrative decisions. Instead they advance an enforcement action and require proof of harm and causation. . . . The United States Supreme Court has recognized that the ESA Citizen Suit Provision at § 1540(g)(1)(A) "is a means by which private parties may enforce the substantive provisions of the ESA against regulated parties—both private entities and Government agencies." *Bennett v. Spear,* 520 U.S. 154, 173, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). Claims challenging the propriety of a consulting agency issuing a biological opinion is governed by the APA. *Id.* at 174, 117 S.Ct. 1154. Claims arising directly under the ESA Citizen Suit Provision at § 1540(g)(1)(A), on the other hand, based upon events occurring in the aftermath of agency

decisions, are not limited by the APA scope of review, *Wash[ington] Toxics,* 413 F.3d at 1034.

*Oregon Nat. Desert Ass'n v. Kimbell*, 593 F. Supp. 2d at 1220–21. Here, the Klamath Tribes claims do not challenge the Defendant's past decision making but rather "events occurring in the aftermath of agency decisions." The Klamath Tribes' ESA citizen suit claims allege the Defendant has unlawfully taken C'waam and Koptu, jeopardized their continued existence, and adversely modified their critical habitat through its management of the Project subsequent to the issuance of the biological opinion. Complaint, Document No. 1 at ¶¶ 78–97. Therefore, despite the Federal Defendant's arguments to the contrary, under controlling Ninth Circuit precedent, review of the Klamath Tribes' Counts I and II is not limited to administrative record. *See Kraayenbrink*, 632 F.3d at 497; *see also Washington Toxics*, 413 F.3d at 1034.

      B.      <u>Bases for Supplementing the Record Only Apply to Limited-Review Cases.</u>

Defendant's additional argument that "[t]he fact that the Ninth Circuit has recognized" certain conditions under which the administrative record may be supplemented "refutes any notion that a reviewing court can depart from APA record review principles altogether and allow a plaintiff to engage in traditional civil discovery where the plaintiff alleges the administrative record is inadequate[,]" Motion at 9–10; *see generally Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005), does not hold water. The APA's limited scope of review simply does not apply the Klamath Tribes' ESA claims. The existence of exceptions to this inapplicable rule therefore has no relevance here.

## III.    CONCLUSION

For the foregoing reasons, the Klamath Tribes respectfully request the Court deny the Federal Defendant's Motion to Limit Review to the Administrative Record.

Dated: October 5, 2018.

Respectfully submitted,

ROSETTE, LLP

/s/ Douglas MacCourt
Douglas MacCourt (OSBA No. 890780)
Jeremiah D. Weiner (CSBA No. 226340)
Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
dmaccourt@rosettelaw.com
jweiner@rosettelaw.com

Attorneys for Plaintiff
The Klamath Tribes

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains (3,852) words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

/s/ Douglas MacCourt
Douglas MacCourt (OSBA No. 890780)
Jeremiah D. Weiner (CSBA No. 226340)
Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
dmaccourt@rosettelaw.com
jweiner@rosettelaw.com


Attorneys for Plaintiff
The Klamath Tribes

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2018, a true and correct copy of the above document was electronically filed with the Clerk of Court using CM/ECF. Copies of the document will be served upon interested counsel via the Notices of Electronic Filing that are generated by CM/ECF.

/s/ Douglas MacCourt
Douglas MacCourt (OSBA No. 890780)
Jeremiah D. Weiner (CSBA No. 226340)
Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
dmaccourt@rosettelaw.com
jweiner@rosettelaw.com

Attorneys for Plaintiff
The Klamath Tribes